UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHON G. JOHNSON, | ) | CASE NO. 1:25-cv-01723 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN HAROLD MAY, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Jonathon G. Johnson ("Johnson") brings this action against Mansfield Correctional Instution Warden Harold May, Assistant Warden Kacey Plank, as well as Officers Davis and "John Doe." (Doc. 1.) Johnson also seeks to proceed *in forma pauperis* (Doc. 2), which is GRANTED. For the reasons stated herein, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

I.     BACKGROUND

Johnson is presently incarcerated at the Mansfield Correctional Institution ("MCI"). His Complaint lists a myriad of conditions at the Jail.[1] From January 12 through January 16, 2025, the following "hazardous conditions" existed: "the power was out"; there was "no heat"; the "pipes burst [and] the toilets started to overflow with waste an[d] urine"; there were no cleaning supplies; and inmates were not moved from the housing unit but were only given two blankets and one sheet. (Doc. 1 at 3, ¶ IV.)[2] Between June and July 2025, internal Jail temperatures

---

[1] At this stage, the Court accepts all well-pleaded factual allegations as true. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

reached between 95 and 100 degrees, windows were closed, doors were sealed, and there was no air or ventilation system making it impossible to breathe due to "spray poisoning the air" and "smoke." (*Id*. at 4, ¶ IV.) Johnson also complains of "black mold" in the shower; "vents have asbestos"; "no bed rolls or clothes [were] passed out"; phones and power are off; "no visit ports"; "no way to contact family"; "officers failing to perform [their] job duty"; "having sex in break rooms"; "inappropriate supervision"; and not "enough workers" in medical and mental health. (*Id*.)

For relief, Johnson seeks damages, sanctions, and various injunctive relief (including calling for a safety and health board check for mold and asbestos, "install[ing] video ports"; "mak[ing] sure inmates have all communication with family and friends" and "receive all property"; "never touch power or seal doors," to "open windows"; and to give inmates fans and mental health care. (*Id*. at 5, ¶ V.)

## II. LAW AND ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551, (1982) (per curiam). But such liberal construction is not without limits. *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction does not "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Nor does it allow district courts to conjure up allegations, draw unsupported inferences, or construct claims on a *pro se* plaintiff's behalf. *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

District courts are required to dismiss *in forma pauperis* actions under 28 U.S.C. §§ 1915(e) and 1915A if the complaint fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 328, 109 S.Ct.

2

1827, 104 L.Ed.2d 338 (1989); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To avoid a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e) and 1915A). At bottom, to comply with Rule 8 of the Federal Rules of Civil Procedure, a complaint must give defendants fair notice of plaintiff's legal claims and the facts on which those claims rest. *See Iqbal*, 556 U.S. at 677-78.

Johnson does not specify his causes of action. Liberally construed, the Complaint appears to assert a conditions-of-confinement claim under the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment is implicated when confinement allegations include "deprivations of essential food, medical care or sanitation," or "other conditions intolerable for prison." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).[3]

To plausibly state an Eighth Amendment conditions-of-confinement claim, a plaintiff must allege facts from which it can at least be inferred that the named prison official acted with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114

---

[3] Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," *Rhodes*, 452 U.S. at 347, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillan*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citation omitted). It is well-settled that the Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). This requires a plaintiff to show a culpable state of mind on the part of each Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Thus, a plaintiff must sufficiently allege that each Defendant (A) knew of and disregarded an excessive risk to [his] health or safety; (B) was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and (C) also drew the inference. *Farmer*, 511 U.S. at 837. Plaintiff does not set forth factual allegations specific to any named Defendant, let alone allegations to support any Defendant's knowledge, involvement in, or responsibility for the Jail conditions about which he complains. Accordingly, the Complaint fails to allege a plausible Eighth Amendment conditions-of-confinement claim.

To the extent the Complaint purports to state a claim pursuant to 42 U.S.C. § 1983, "claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original).

To plausibly state a Section 1983 claim, the Complaint must allege facts demonstrating each named Defendant's personal involvement in the deprivation of his constitutional rights. *See Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Mullins v. Hainesworth*, No. 95–3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995). No specific allegations of any named Defendant's conduct are presented here. The list of allegedly unlawful prison conditions is insufficient to set forth a plausible claim upon which relief may be granted. *See e.g.*, *Jackson v. Hamilton Cnty. Jail*, No. 1:08-cv-44, 2008 U.S. Dist. LEXIS 48968, 2008 WL 2514073, at *4 (E.D. Tenn. June 19, 2008) (dismissing prisoner civil

rights complaint based on a "laundry list of complaints about the conditions of his confinement"). Accordingly, the Complaint is subject to summary dismissal even under the lenient standard accorded *pro se* pleadings. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

## III. CONCLUSION

For the reasons stated herein, *pro se* Plaintiff Jonathon G. Johnson's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** December 1, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE